UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN PORTER, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-09-171 |
| | § | |
| COUNTRYWIDE HOME LOANS, INC., | § | |
| | § | |
| Defendant. | § | |

## REMAND ORDER

On this day came on to be considered the Court's sua sponte determination of this Court's jurisdiction over the above-styled cause of action. For the reasons stated herein, the Court finds that it does not have jurisdiction over this action and hereby REMANDS this action, pursuant to 28 U.S.C. § 1447(c) to the 36th Judicial District of San Patricio County, Texas, where it was originally filed and assigned Cause No. S-08-5628-CV-A.

I. **Factual and procedural background.**

  A. **Plaintiff's state court petitions.**

On July 17, 2008, Plaintiffs filed their original petition in the 36th Judicial District Court of San Patricio County, Texas against Defendant Countrywide Home Loans, Inc. (D.E. 1, Ex. 2.) In their petition, Plaintiffs allege that, after borrowing money from Defendant on March 29, 2004, Defendant "wrongfully paid $632.87 to the City of Aransas Pass, Texas twice and charged Plaintiff's escrow account the sum of $1,265.74." (D.E. 1, Ex. 2, p. 6.) Further, Defendant "failed to apply Plaintiff's payments in accordance [with] the terms of the Deed of Trust," causing Plaintiffs to incur late fees. (D.E. 1, Ex. 2, p. 7.) Plaintiffs contend that Defendant "kept the Plaintiffs in a perpetual state of default with escalating monetary demands to which Countrywide was not entitled." (D.E. 1, Ex. 2, p. 7.) Plaintiffs brought suit against Defendant for

violating various state laws, including the Texas Debt Collections Act, and the Texas Deceptive Trade Practices Consumer Protection Act, as well as for intentional infliction of mental anguish, invasion of privacy, and negligence. Plaintiffs twice amended their petition (D.E. 1, Ex. 2, 3.) and served their amended Disclosures on Defendant on June 30, 2009 (D.E. 1, Ex. 6).

### B. Defendants' notice of removal.

According to Defendant, Plaintiffs asserted "for the first time … damages which appear to exceed $75,000" in Plaintiffs' amended Disclosures. (D.E. 1, p. 2.) Defendant then filed a notice of removal on July 15, 2009, on the grounds that this Court now has subject matter jurisdiction over this suit on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of costs and interests. (D.E. 1.)

## II. Discussion.

### A. Removal based on diversity jurisdiction

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject-matter jurisdiction. See 28 U.S.C. § 1441(a). The removing party – as the party seeking the federal forum – bears the burden of showing that federal jurisdiction exists and that removal was proper. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id. (citing Acuna v. Brown & Root, Inc. 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.")).

### B. This Court lacks diversity jurisdiction over this case

Plaintiffs in this case do not demand a specific monetary amount in their pleadings. (D.E. 1, Ex. 3, p. 7.) Rather, Plaintiffs demand an unspecified amount of damages. (D.E. 1, Ex. 3.) "Where … the petition does not include a specific monetary demand, [Defendant] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

Here, Defendant argues that "Plaintiffs [in their amended Disclosures] claim more than $35,000 in economic damages, plus more than $21,063.56 in attorneys' fees incurred."[1] (D.E. 1, p. 2-3.) In total, then, Plaintiffs claim only $56,063.56 in their amended Disclosures. (Id.) This amount is significantly less than the $75,000 needed for diversity jurisdiction. 28 U.S.C. § 1332. Defendant, in a conclusory manner, nonetheless asserts that "[i]t is likely that Plaintiffs' attorneys' fees will exceed $40,001, given that Plaintiffs have already incurred more than $21,063.56 in attorneys' fees [making the total amount sought over $75,000.]" (D.E. 1, p. 3.) "Removal, however, cannot be based simply upon conclusory allegations." Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). Based on Defendant's assertions alone, this Court cannot assume that Plaintiffs' attorneys' fees will essentially double from a little over $21,000 to over $40,000 by the completion of this lawsuit. This is especially true given that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000.)

Defendant has thus failed to establish that this action involves an amount in controversy of more than $75,000, exclusive of costs and interests, as required for this Court to have diversity

---

[1] "If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy." School Bd. of Parish of St. Charles v. Jesta Towers, 2004 WL 1460194, *2 (E.D. La. 2004) citing Foret v. Southern Farm Bureau Life Ins. Co., 918 F.2d 534, 537 (5th Cir. 1999).

jurisdiction over this suit pursuant to 28 U.S.C. § 1332. Therefore, Defendant has failed to meet its burden of showing that federal jurisdiction exists and that removal was proper. Frank v. Bear Stearns & Co., 128 F.3d 919, 921 (5th Cir. 1997) ("The party invoking the removal jurisdiction of federal courts bears the burden of establishing federal jurisdiction over the state court suit.") Accordingly, this Court must remand this action pursuant to 28 U.S.C. § 1447(c). ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). See Lott v. Dutchmen Mfg., Inc., 422 F.Supp.2d 750, 752 (E.D. Tex. 2006) citing Manguno, 276 F.3d at 723.

### III.    Conclusion.

Based on the foregoing, the Court hereby REMANDS this action, pursuant to 28 U.S.C. §1447(c), to the 36th Judicial District of San Patricio County, Texas, where it was originally filed and assigned Cause No. S-08-05628-CV-A.

SIGNED and ORDERED this 4th day of August, 2009.

_____
Janis Graham Jack
United States District Judge